In the Matter of the Claim of JANETTE THOMAS, Respondent, against B. & F. POLISHING COMPANY et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal by an employer and its insurance carrier from decisions and awards of the Workmen's Compensation Board which allowed disability compensation and death benefits to the widow of Henry Thomas. Decedent was employed as a metal polisher by the employer and on June 21, 1946, while he was engaged in the regular course of his employment and while polishing a brass trap on a machine, the trap was jerked out of his hands and hit him on the right chest with the result that he sustained accidental injuries in the nature of fractures of the ribs of the right chest and strained muscles of the chest. Due to those injuries and the resulting consequences he was totally disabled from June 27, 1946, to July 12, 1946, and, from October 19, 1946, to November 20, 1946. On November 16, 1946, an exploratory operation was performed on the decedent to determine whether pathological changes had taken place in the liver as a result of the accident. The operation was necessitated by the accident and as a result of such operation the death of Thomas was hastened. The board found that there was causal relationship between the decedent's accident and his death. The evidence sustains the finding. Decisions and awards unanimously affirmed, with costs to the Workmen's Compensation Board. Present — Heffernan, J. P., Brewster, Deyo, Bergan and Coon, JJ.

In the Matter of the Claim of MARGARET BARBER et al., Respondents, against RAY HYLAN SCHOOL OF AERONAUTICS et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal by employer and carrier from an award of death benefits. The deceased was employed as an airplane salesman, demonstrator and instructor. On May 13, 1948, while at the employer's airport in the course of his employment he took off with the airport manager's son as a passenger. The plane crashed and both were killed, foreclosing positive evidence of the reason for the fatal flight. However, the presumptions incidental to an unwitnessed accident are applicable and warrant the conclusion that the death arose out of and in the course of the employment. Award unanimously affirmed, with costs to the Workmen's Compensation Board. Present — Heffernan, J. P., Brewster, Deyo, Bergan and Coon, JJ.